(Reap. Dec. 10474)

D. E. SANFORD COMPANY ET AL. *v.* UNITED STATES

Entry No. 17747, etc.

(Decided April 4, 1963)

*Lawrence & Tuttle* for the plaintiffs.
*John W. Douglas*, Assistant Attorney General, for the defendant.

OLIVER, Chief Judge: The appeals for reappraisement enumerated in schedule "A," hereto attached and made a part hereof, are before me for decision on a written stipulation, reading as follows:

IT IS HEREBY STIPULATED AND AGREED, by and between the parties hereto, subject to the approval of the court, as follows:

1. That this stipulation is limited to merchandise appraised in Belgian francs.

2. That as so limited, the merchandise and the issues are the same in all material respects as those involved in *Descoware Corp.* v. *United States*, R.D. 10158, and that the record in the cited case may be incorporated in the record herein.

3. On or about the dates of exportation of the merchandise involved herein, the prices at which such or similar merchandise was freely offered for sale for home consumption to all purchasers in the principal markets of the country of exportation, in the usual wholesale quantities and in the ordinary course of trade, were the appraised *per se* unit values in Belgian francs, plus 9% sales tax, plus packing as invoiced, said prices including the cost of all containers and coverings of whatever nature and all other costs, charges, and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States; and that on or about the said dates of exportation, such or similar merchandise was not freely offered in the principal markets of the country of exportation for sale to the United States.

4. That the involved merchandise was entered, or withdrawn from warehouse, for consumption before the effective date of the Customs Simplification Act of 1956.

5. That the appeals on Schedule "A" annexed may be submitted upon this stipulation, the same being limited to the merchandise and issues described above and abandoned in all other respects.

On the agreed facts and consistent with the cited decision on the law, I find that the proper basis for appraisement of the merchandise appraised in Belgian francs is foreign value, as defined in section 402(c) of the Tariff Act of 1930, as amended (19 U.S.C. (1952 edition) § 1402), and that such statutory value therefor is the appraised *per se* unit values in Belgian francs, plus 9 per centum sales tax, plus packing, as invoiced.

As to all other merchandise, not appraised in Belgian francs, enumerated on the invoices covered by the entries involved herein, the appeals for reappraisement are dismissed.

Judgment will be rendered accordingly.